## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **NESTOR RIVERA COLON**, in his personal capacity and as representative and leader of a De Facto Community Association of the actual or former residents and owners of 84 homes of the Villa Blanca Urban Community (Zafiro Street Converted to Jose Garrido Avenue in Caguas, Puerto Rico); and formally request to the Honorable Court to Certify actual or former residents and owners of 84 homes of the Villa Blanca Urban Community (Zafiro Street Converted to Jose Garrido Avenue in Caguas, Puerto Rico) as a Class<br><br>*Plaintiffs*<br><br>**v.**<br><br>**Eng. Miguel A. Torres Díaz** in his personal capacity for pecuniary and compensatory damages, and as Secretary of the Transportation and Public Works Department (in Spanish the "Departamento de Transportación y Obras Públicas") and Director of the Highway and Transportation Authority (in Spanish "Autoridad de Carreteras de Puerto Rico"), for equitable relief in his official capacity;<br>**Hon. William Miranda Torres**, in his personal and official capacity as Mayor of the Municipality of Caguas, for equitable relief, and pecuniary and compensatory damages;<br>**Highway and Transportation Authority of Puerto Rico** represented by its President **Eng. Miguel A. Torres Díaz** for injunctive relief, and for pecuniary and compensatory damages;<br>**Municipality of Caguas**, for equitable relief, pecuniary and compensatory damages, represented by its Mayor **Hon. William Miranda Torres** for injunctive relief, and for pecuniary and compensatory damages;<br>**X**, **Y**, and **Z** insurance companies with coverage for liability for any Defendant; and **A**, **B**, and **C** as yet unidentified persons responsible for violation of the Noise Environmental right as protected by the Quiet Communities Act of 1978, Pub.L. No. 95-609, 42 USC 4901ss**.**<br><br>*Defendants* | **CASE NO.**<br><br>**CIVIL ACTION**<br>**CIVIL RIGHTS**<br>**JURY TRIAL REQUESTED**<br>Quiet Communities Act of 1978, Pub.L. No. 95-609 - 42 USC 4901ss<br><br>**Supplemental Local Law**<br>**Permanent Injunction**<br>**Class Action composed of** neighbors (84 homes) of the Villa Blanca Urban Community (Zafiro Street Converted to Jose Garrido Avenue in Caguas, Puerto Rico) |

And as Necessary or Party in Interest:
**LOCAL QUALITY ENVIRONMENTAL BOARD** (in Spanish "Junta de Calidad Ambiental de Puerto Rico"), represented by its President **Laura Vélez**; the **Justice Department of Puerto Rico**, represented by its Secretary, **Hon. César Miranda Rodríguez**, in his official capacity, as representative of the DTOP and the ACT; the **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**, represented by its Administrator, **Mrs. Gina McCarthy** and its Regional Administrator for Region 2, **Mrs. Judith A. Enck**; **United States District Attorney of Puerto Rico,** Mrs. Rosa Emilia Rodríguez.

*Necessary or Party in Interest*

# COMPLAINT

**TO THE HONORABLE COURT**:

**NOW COME**, the Plaintiffs, through the undersigning counsel, and respectfully allege and pray as follows:

## I.    INTRODUCTION

1. Highway Authority of Puerto Rico (Autoridad de Carreteras de Puerto Rico) and the Municipality of Caguas on or about 2004 converted a residential street into an expressway violating the Quiet Communities Act of 1978, Pub.L. No. 95-609, 42 USC 4901ss.**[1]**

---

[1] See Quiet Communities Act of 1978, Pub.L. No. 95-609 - 42 USC 4901ss.
§4910. Enforcement
…
(c) Actions to restrain violations
The district courts of the United States shall have jurisdiction of actions brought by and in the name of the United States to restrain any violations of section 4909(a) of this title.

(d) Orders issued to protect public health and welfare; notice; opportunity for hearing (1) Whenever any person is in violation of section 4909(a) of this title, the Administrator may issue an order specifying such relief as he determines is necessary to protect the public health and welfare.

2. This Complaint[2] request a Permanent Injunction, a hearing to certify actual or former residents and owners of 84 homes of the Villa Blanca Urban Community (Zafiro Street Converted to Jose Garrido Avenue in Caguas, Puerto Rico) who are suffering or have suffered severe physical and emotional damages, substantial economic losses for the violation or their Constitutional and Legal Rights as a Class for compensatory and pecuniary damages.

**JURISDICTIONAL STATEMENT**

3. This is a civil action filed by **Nestor Rivera-Colon** (hereinafter "Rivera-Colon" or "the Plaintiff"), as resident and neighbor of the Villa Blanca Urban Community in the Municipality of Caguas (hereinafter "Villa Blanca"), who on behalf of all residents of Villa Blanca filed a Notice of Intent to Sue[3] (hereinafter "the Notice")`on April 1, 2016. Pursuant to the applicable

---

(2) Any order under this subsection shall be issued only after notice and opportunity for a hearing in accordance with section 554 of title 5.

(A) the Administrator of the Environmental protection Agency where there is alleged a failure of such Administrator to perform any act or duty under this chapter which is not discretionary with such Administrator, or (B) the Administrator of the Federal Aviation Administration where there is alleged a failure of such Administrator to perform any act or duty under section 44715 of title 49 which is not discretionary with such Administrator.

The district courts of the United States shall have jurisdiction, without regard to the amount in controversy, to restrain such person from violating such noise control requirement or to order such Administrator to perform such act or duty, as the case may be.

[2] This is the second Complaint, the first was CIVIL NO. 15-1048 (DRD) dismissed without prejudice on March 31st, 2016 for an involuntary error serving notice to the Federal EPA Administrator's address in The Internet and not to his office.
[3] See Quiet Communities Act of 1978, Pub.L. No. 95-609 - 42 USC 4901ss.
§4910. Enforcement

…

(c) **Actions to restrain violations**

**The district courts of the United States shall have jurisdiction of actions brought by and in the name of the United States to restrain any violations of section 4909(a) of this title.**

(d) Orders issued to protect public health and welfare; notice; opportunity for hearing (1) Whenever any person is in violation of section 4909(a) of this title, the Administrator may issue an order specifying such relief as he determines is necessary to protect the public health and welfare.

(2) Any order under this subsection shall be issued only after notice and opportunity for a hearing in accordance with section 554 of title 5.

(A) the Administrator of the Environmental protection Agency where there is alleged a failure of such Administrator to perform any act or duty under this chapter which is not discretionary with such Administrator, or

law, if the condition described in the Notice is not solved within 60 days, complainant it entitled to file suit before this Honorable Court. The instant action is filed as a class action in representation of all current and past homeowners in Villa Blanca, their families and others who occupy or used to occupy or have abandoned homes, in Villa Blanca, who are, or have been suffering for an extraordinary, unreasonable, illegal, loud noise caused by the conversion of a Urban Community Street in a residential area into a Highway/Avenue without the Federal requirements and conditions established in the Quite Community Act of 1978, as amended (Quiet Communities Act of 1978, Pub.L. No. 95-609 - 42 USC 4901ss for noise control contamination. A copy of that Notice is attached as Exhibit I and made part of this Complaint.

4.  As this is a civil action brought pursuant to the laws and Constitution of the United States, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over all claims arising under of the laws and Constitution of Puerto Rico pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b).

## II.    THE PARTIES

5.  The Plaintiff is **Rivera-Colon** in his personal capacity as homeowner of a property in Villa Blanca and as representative and leader of a De Facto Community Association of the actual or former residents and owners of homes in Villa Blanca. Rivera-Colón formally requests to this Honorable Court to Certify actual or former residents and owners of homes in Villa Blanca, their families and others who occupy or used to occupy or have abandoned homes, in Villa Blanca, who are or have been suffering for an extraordinary, unreasonable, illegal, loud

---

(B) the Administrator of the Federal Aviation Administration where there is alleged a failure of such Administrator to perform any act or duty under section 44715 of title 49 which is not discretionary with such Administrator.

The district courts of the United States shall have jurisdiction, without regard to the amount in controversy, to restrain such person from violating such noise control requirement or to order such Administrator to perform such act or duty, as the case may be.

-4-

noise caused by the conversion of a Urban Community Street into an Avenue without the Federal requirements and conditions established in the Quite Community Act of 1978, 42 USC 4901ss as amended.

6. The Defendants are the **Puerto Rico Department of Transportation and Public Works** (hereinafter "DTOP" for its acronym in Spanish), **Puerto Rico Highway and Transportation Authority** (hereinafter "ACT" for its acronym in Spanish), represented by its Secretary and Director, respectively, **Eng. Miguel A. Torres Díaz** in his personal and official capacities for pecuniary and compensatory damages and for equitable relief;

7. The Defendants also include the **Municipality of Caguas**, represented by its Mayor, **Hon. William Miranda Torres**, in his personal and official capacity as Mayor of the Municipality of Caguas, for equitable, pecuniary and compensatory relief;

8. As Necessary Parties or Parties in Interest: **Local Quality Environmental Board** (hereinafter the "JCA" for its acronym in Spanish), represented by its President **Laura Vélez**; the **Justice Department of Puerto Rico**, represented by its Secretary, **Hon. César Miranda Rodríguez**, in his official capacity, as representative of the DTOP and the ACT; the **United States Environmental Protection Agency** (hereinafter the "EPA"), represented by its Administrator, **Mrs. Gina McCarthy** and its Regional Administrator for Region 2, **Mrs. Judith A. Enck**; and the **United States District Attorney for Puerto Rico,** Mrs. Rosa Emilia Rodríguez, are included as indispensable and/or otherwise interested parties.

9. Defendants **X**, **Y**, and **Z** are still unidentified insurance companies with coverage for liability for any Defendant; and Defendants **A**, **B**, and **C** are as yet unidentified persons responsible for civil rights violations against Plaintiffs.

## III.   STATEMENT OF FACTS

10. Villa Blanca was constructed about 60 years ago and was the second urban community

in Caguas, Puerto Rico, and the original Model Design for Urban Communities in Puerto Rico, as described by its residents.

11. On or about 2004, the ACT, a semi-public entity with lawful authority as a private entity, and an administrative division of the DTOP, with the approval and collaboration of the Municipality of Caguas, planned, designed and worked to build a road to connect the Puerto Rico Toll Expressway, known as Highway 30, with Puerto Rico Road #1 in Caguas. This was later extended to include a connection with Puerto Rico Expressway #22. The design called for the widening of Zafiro Street in the Municipality of Caguas, then a very narrow street which cut through the middle of Villa Blanca, to be used as the connecting road between the three aforementioned highways. As part of the original plan, around 84 houses in Villa Blanca would be expropriated.

12. Shortly thereafter, work on the widening of Zafiro Street started and ultimately finished. Zafiro Street became José Garrido Avenue (hereinafter "Zafiro/Garrido Avenue"), and it was opened to connect Highways 1, 22 and 30. This caused the traffic cutting through Villa Blanca to increase in both volume and weight. After the change, now an exponentially greater amount of traffic passed through the middle of Villa Blanca and those vehicles now included trucks and other heavy-load vehicles. In fact, Zafiro/Garrido Avenue is now one of the most used streets in the Municipality. However, the 84 houses located in Zafiro/Garrido Avenue were never expropriated.

13. Rivera-Colón and neighbors have been filing grievances (or administrative complaints) at the Federal EPA, Local Environmental Board, ACT, DTOP and the Municipality of Caguas since work on Zafiro/Garrido Avenue began and before their front street became one of the most used avenues of Caguas. Complaints and requests for administrative intervention have also been filed before the JCA and on March 12, 2012, the EPA and the Puerto Rican Ombudsman Office,

all without any positive results. Complainants have been given numerous excuses and promises to study and address the situation, but no results have been rendered and this noxious and toxic situation still continues today.

14. Villa Blanca had a controlled-access entrance through Acerina Street, and Zafiro Street had an entrance to the Plaza Villa Blanca Shopping Center that used to be closed during the night, from 9:00pm to 6:00am. This helped maintain Villa Blanca as a peaceful and quiet residential community where residents could live in tranquility and children could play in front of their houses. But when the ACT, the DTOP and the Municipality of Caguas opened an entrance directly into Zafiro Street and made the conversion to José Garrido Avenue, sound decibels that were well within the acceptable parameters under the Quite Communities Act of 1978, as amended, of 45 decibels jumped to 67-85 decibels. This affected the homes at both sides of what was a narrow street and now was the Zafiro/Garrido Avenue. Residents went from living in a peaceful environment to an unbearable noise that forced neighbors to close the front part of their homes, and even then, it is almost impossible to undertake normal activities such as having conversations, hear the radio, watch television, or even sleep.

15. Aside for the uncontrollable noise, the residents have problems with their entrance, parking area and some with pluvial metal covers which cause additional noise and vibrations inside their homes. This situation is even worse at night time when a restful sleep is almost impossible to achieve. This situation has also caused the Plaintiffs' homes' values to plummet.

16. The families that had bought their homes on a peaceful residential community and who make up the proposed class in the instant case have been requesting the ACT, the DTOP and the Municipality of Caguas to close the access to the small Zafiro/Garrido Avenue, or to expropriate their homes. This has lowered the value of their homes, some have been obliged to sell for a fraction of the former value or abandon their homes, and all have suffered substantial emotional

and mental sufferings, substantial economic losses, incurred in construction expenses to try to reduce the noises, and expenses for illnesses and emotional treatment.

17. The EPA and the JCA have reviewed the situation, undertaken many noise studies and have established that the Villa Blanca Plaintiffs confront an unbearable noise condition 24 hours a day and have done so continuously for some 10 years. Plaintiffs' requests for aid to the Municipal Government of Caguas, the Governor's Office, the Local Legislature, the ACT, the DTOP, the Ombudsman Office and other public entities have all been fruitless. These entities have all at one time or another expressed the need to do something, but have expressed that they lack either the authority or the money to provide any help or expropriate the properties.

18. Plaintiffs appear before this Honorable Court as a last resort claiming violations under the Quiet Communities Act of 2078, as amended[4], and a violation of their constitutionally protected rights against infringements to their life, liberty and/or property without due process.

19. Plaintiffs also request supplemental jurisdiction for local constitutional rights and Civil Code rights to redress for damages.

20. Plaintiffs request a Preliminary and Permanent Injunction to close the Zafiro/Garrido Avenue except for Villa Blanca residents and related services or to expropriate their homes at a

---

[4] See Quiet Communities Act of 1978, Pub.L. No. 95-609
…
§4911.

Citizen suits

(a) Authority to commence suits

Except as provided in subsection (b) of this section, any person (other than the United States) may commence a civil action on his own behalf -

(1) against any person (including (A) the United States, and (B) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution) **who is** alleged to be in violation of any noise control requirement (as defined in subsection (e) (!1) of this section), or (2) against -

market value price; and compensation of $200,000.00 per home from Defendants for damages.

21. Plaintiffs request to the Honorable Court to order Defendants to appear for a Preliminary Injunction Hearing and an on-site inspection within a short time to explain why they have since about 2004 designed the use of a residential street and convert it into an expressway, why they have continuously permitted the violation of the applicable Federal Law by allowing the loud, excessive, unreasonable and illegal noise level in Villa Blanca and to explain why Defendants have not complied with the applicable Federal Law.

22. Plaintiffs request the Honorable Court to certify as a class the current and former residents, owners and neighbors of Villa Blanca and the Zafiro/Garrido Avenue, to be represented by Rivera-Colón and other members of the class; and confirm that Plaintiff's attorneys have the sufficient experience and resources to represent said class.

23. Plaintiffs allege a violation of their constitutional rights against the infringement of their property without Due Process and Equal Protection rights under the Constitution of the United States, as well as under the laws and Constitution of Puerto Rico, and pray equitable relief in the form of a return to the previous condition of the Zafiro/Garrido Avenue or in the alternative expropriation for fair market value, and legal relief in the form of economic and punitive damages, pursuant to the Quiet Communities Act of 1978, Pub.L. No. 95-609 - 42 USC 4901ss.

## IV.   FIRST CAUSE OF ACTION – VIOLATIONS TO FEDERAL LAW QUIET COMMUNITIES ACT OF 1978, AS AMENDAD, PUB.L. NO. 95-609 AND CONSTITUTIONAL RIGHTS

24. All previous factual allegations are incorporated heretofore.

25. The construction of what amounts to be an expressway through a residential area such as Villa Blanca is illegal under the Federal Quiet Communities Act of 1978, Pub.L. No. 95-609.

26. Black letter and case law has long established that government bodies and/or officials

cannot construct or permit excessive noise levels on residential areas as Defendants have done to Plaintiffs.

27. It is clear from the evidence that the Plaintiffs' violation of their noise level right not to be as excessive on their residential area to be illegal according to Federal Law. By subjecting Plaintiffs to adverse environmental excessive noise condition in their homes, Defendants have acted contrary to the applicable Federal statute.

## V.  SECOND CAUSE OF ACTION – VIOLATIONS TO DUE PROCESS RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES

28. All previous factual allegations are incorporated heretofore.

29. Plaintiffs allege a violation of their constitutional rights against the infringement of their property without Due Process and Equal Protection of the law under the Constitution of the United States, as well as under the laws and Constitution of Puerto Rico.

## VI.  THIRD CAUSE OF ACTION – INJUNCTIVE RELIEF

30. All previous factual allegations are incorporated heretofore.

31. Plaintiffs pray permanent equitable relief in the form of a return to the previous condition of the Zafiro/Garrido Avenue or in the alternative expropriation for fair market value, and legal relief in the form of economic and punitive damages, pursuant to the Quiet Communities Act of 1978, Pub.L. No. 95-609- 42 USC 4901ss.

## VII.  FOURTH CAUSE OF ACTION – TORT ACTION UNDER PUERTO RICO LOCAL LAW

32. All previous factual allegations are incorporated heretofore.

33. Defendants' actions also constitute a violation of Plaintiffs' rights secured by the Puerto Rico Constitution.

34. Defendants' actions also constitute violations of Puerto Rico's Environmental laws; and Articles 1802 and 1803 of the Civil Code, § 5141-5142 of Title 31.

## VIII. JURY TRIAL

35. All previous factual allegations are incorporated heretofore.

36. Plaintiffs request a jury trial.

## IX.  PRAYER FOR RELIEF

37. All previous factual allegations are incorporated heretofore.

38. Wherefore, Plaintiffs request damages as described should be compensated for an amount no less than $200,000.00 for every home to be distributed for their owners and/or actual and/or former residents; and that equitable relief be granted in the form of a return to the conditions before Zafiro Street became José Garrido Avenue or that their homes be expropriated and paid a market value that has been appraised at $183,000.00 per home plus $40,000.00 per home to be distributed for their owners and actual or former residents

39. The Plaintiffs request the following relief, jointly and severally against all Defendants:

    a.  That this Court determine and declare that the actions by all defendants were in violation of the Constitution and laws of the United States and of Puerto Rico;

    b.  Compensatory damages and punitive damages which request for compensation is made up of the following amounts:

        i.  $100,000.00 for every home to be distributed for their owners and actual or former residents. Or their homes expropriated and paid a market value that have been appraised at $183,000.00 per home plus $40,000.00 per home to be distributed for their owners and actual or former residents;

        ii.  Punitive damages in excess of $20,000.00 for every home to be

distributed for their owners and actual or former residents.

c. Equitable relief in the form of a permanent injunction ordering Defendants to reinstate the residential condition that Plaintiffs had before the design and conversion of their residential area road to an expressway with excessive and illegal noise levels constructing entrance control to permit local use by residents only as was before until further legal measures may be taken;

d. And ordering Defendants to refrain from further engaging in adverse actions to affect Plaintiffs environmental, property, liberty/live and pursue happiness rights;

e. Attorneys' fees, costs and litigation expenses incurred in connection to this action pursuant to applicable statutes.[5]

f. All applicable interests, including pre- and post- judgment interest.

g. That the Court retain jurisdiction over this action in order to ensure compliance with any decree issued by this court;

h. Any such other and further relief as the Court may deem just and proper

---

[5] SEC. 12 [42 U.S.C. 4911] Citizen Suits.
   (d) The court, in issuing any final order in any action brought pursuant to subsection (a) of this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such an award is appropriate.

   SEC. 12 [42 U.S.C. 4911] Citizen Suits.
   (B) …
   The district courts of the United States shall have jurisdiction, without regard to the amount in controversy, to restrain such person from violating such noise control requirement or to order such Administrator to perform such act or duty, as the case may be.
   _____
   SEC. 11 [42 U.S.C. 4910] Enforcement.
   (a)…
   (b) For the purpose of this section, each day of violation of any paragraph of section 10(a) shall constitute a separate violation of that section.
   (c) The district courts of the United States shall have jurisdiction of actions brought by and in the name of the United States to restrain any violation of section 10(a) of this Act.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 8th day of June 2016.

<u>s/Francisco J. González-Magaz</u>
**FRANCISCO J. GONZÁLEZ-MAGAZ**
USDC No. 223907

<u>s/Francisco R. González-Colón</u>
**FRANCISCO R. GONZALEZ COLON**
USDC No. 116410

<u>s/Enrique A. Báez Godínez</u>
**ENRIQUE A. BÁEZ GODÍNEZ**
USDC No. 214909

FRANCISCO R. GONZÁLEZ LAW OFFICE
1519 PONCE DE LEÓN AVE.
FIRST FEDERAL BLDG. SUITE 805
SAN JUAN, P.R. 00909
Tel. (787) 723-3222 FAX 722-7099